CHRISTINE FORGION, Plaintiff, *v.* TRAVELERS INSURANCE COMPANY, Defendant.

City Court of New York, Special Term, Richmond County, April 19, 1939.

*Henry Klauber*, for the plaintiff.

*Moran, Galli & McGlinn* [*A. J. Busicco* of counsel], for the defendant.

PARELLA, J.  This is a motion for summary judgment made by the defendant insurance company in an action brought against it under section 109 of the Insurance Law.  The action is brought to enforce against the insurer a judgment rendered against the assured which the latter has not paid.  The insurance company refused to defend the action and declines to pay the judgment upon the ground that the accident for which plaintiff recovered does not come within the coverage of the policy, and this is the question here.

The assured operated buses as a common carrier.  The coverage provision of the policy upon which plaintiff relies reads as follows:

" 1.  Coverage A — Bodily Injury Liability.  To pay on behalf of the Assured all sums which the Assured shall become obligated

to pay by reason of the liability imposed upon him by law for damages because of bodily injury, including death at any time resulting therefrom, accidentally sustained by any person or persons and caused by the ownership, maintenance or use of the automobile."

The defendant contends that plaintiff's injuries were not " caused by the ownership, maintenance or use of the automobile."

According to the bill of particulars in the action against the assured, plaintiff sustained her injuries in the following way:

" 5. The defendant was negligent in that it permitted a large stanchion with chains thereto annexed to be and remain where passengers going to and from its buses were compelled to walk by reason of the defendant inviting the plaintiff and other prospective passengers to walk to its buses at a place where said stanchion existed and was permitted to be and remain.

" 6. A large crowd of persons going to the Tompkins Bus Corporation buses by the invitation of the defendant crowded around and upon the person of the plaintiff causing the plaintiff to be pushed against said stanchion and to trip and fall on said stanchion and the chains attached to said stanchion."

It seems obvious that the maintenance and operation of the buses was not the proximate cause of the accident; that plaintiff was injured by falling over or against a stanchion and chains as she was walking toward the bus. It is true, of course, as plaintiff alleges in her complaint, that if the bus had not been parked where it was plaintiff would not have had occasion to fall upon the stanchion and chains. However, it was the maintenance of the stanchion and chains, not of the bus, which was the proximate cause of the accident. Therefore, the accident for which the plaintiff recovered is not embraced by the policy coverage.

Defendant's motion for summary judgment is granted. The complaint is dismissed. Order signed.